UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-00839-SEB-DML |
| | ) | |
| ALPHA HOME ASSOCIATION OF | ) | |
| GREATER INDIANAPOLIS (INDIANA), | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## Report and Recommendation for Sanctions Against Defendant Including Entry of Default, Fine, and Payment of Fees and Expenses

The magistrate judge recommends that the district judge enter sanctions against defendant Alpha Home Association of Greater Indianapolis (Indiana), Inc. ("Alpha Home") because of its defiance of the court's order requiring it to appear for a settlement conference and its discovery abuses. Moreover, part of the recommended sanctions—entry of default—is further merited because of the defendant's decision to not defend the claims in this case. The sanctions recommended are:

- The entry of default under Rule 55(a);

- Imposition of a fine payable to the court in the amount of $500;

- An order requiring the defendant to pay the plaintiff $500 in attorneys' fees under Rule 37(a)(5); and

- An order requiring the defendant to pay the plaintiff her reasonable expenses, including attorneys' fees, in connection with the April 29, 2016 settlement conference, in an amount to be determined upon the filing of an appropriate petition by the plaintiff.

I.    **Alpha Home deliberately defied the court's settlement conference order.**

On March 10, 2016, the court issued its Order Setting Settlement Conference and Related Deadlines.  (Dkt. 25).  The court set a settlement conference for April 29, 2016, and required "client or client representatives with complete authority to negotiate and communicate a settlement" to attend the conference along with counsel.  On April 29, the plaintiff and her counsel appeared at the conference. Alpha Home's counsel came to the conference, but a client representative did not attend.  Alpha Home did not tell the court or the plaintiff it would not send a client representative.  The absence of a client representative with settlement authority made the settlement conference a wasted exercise for the plaintiff and her counsel and for the court.

Because of Alpha Home's failure to send a client representative, the court issued an order on April 29 requiring Alpha Home to show cause why it should not be sanctioned for its failure to appear.  The order warned Alpha Home that sanctions could include a monetary sanction and entry of default.  *See* Dkt. 29.

Alpha Home responded to the show cause order on May 12.  Dkt. 31.  Its response reveals that Alpha Home made a deliberate choice to defy the court's March 10, 2016 order setting the settlement conference.  It claims, through the

2

counsel who appears for it in this case, that it "no longer exists," has no employees, is not engaged in business, and "is anticipated to be administratively dissolved on or about 8/31/2016." *See id.*, ¶¶ 11, 12, 15. It even calls itself a "former defendant"! *Id.*, ¶ 15. Alpha Home has not, however, been dismissed from this case or filed a motion seeking its dismissal. The apparent ground for these assertions is that Alpha Home entered into an Operations Transfer Agreement, made effective May 22, 2015, by which it transferred operations of the licensed nursing facility known as "The Alpha Home" at which plaintiff Jennifer Howard had worked. (This lawsuit concerns Ms. Howard's allegations that her employer at the nursing facility deducted health insurance premiums from her paycheck but failed to pay them to the insurance company, resulting in the termination of her insurance.) The Operations Transfer Agreement supplied with the show cause response is between Alpha Home and an entity named Dearborn County Hospital. *See* Dkt. 31-2.

Alpha Home's counsel asserts that the effect of this document, as well as apparently an asset sale agreement between Alpha Home and an entity named Alpha Home – a Waters Community, LLC (a document conspicuously absent from Alpha Home's filing), is the supposed *elimination* of "any continuing liability" by anyone for actions that occurred in conjunction with the nursing facility's operations before the effective date of the Operations Transfer Agreement. That assertion, in the court's view, is subject to reasonable debate[1] and even if a court ever were to

---

[1]    For example, Alpha Home's counsel cites only one paragraph of the Operations Transfer Agreement to support the assertion but ignores other paragraphs which appear germane to any such analysis. For example, the

agree with the assertion, Alpha Home was never excused from complying with court orders.

According to Alpha Home's counsel, the entity named Alpha Home – a Waters Community, LLC (hereafter, "Alpha Water") made the decision that no client representative for Alpha Home—the defendant in this case—would appear at the settlement conference. *See* Dkt. 31. The show cause response states that after the settlement conference, Alpha Home's counsel received an email and had a telephone conference with Alpha Water executives who informed him that Alpha Waters is "not responsible" for this lawsuit and that is why no one attended the conference as a client representative of Alpha Home.

The court is not, at this time, concerned with whether Alpha Waters has any legal responsibilities in this case or for the recommended sanctions. But there is no doubt at all that Alpha Home, as a defendant, is subject to this court's orders and that it ignored its obligation to attend the settlement conference by a client representative. Also important is that the show cause response evinces that Alpha

---

Agreement states that the New Operator "expressly acknowledges that New Operator shall assume all obligations related to Former Operator's Employment Expenses," a phrase that might be deemed to include the payroll obligations that are the subject of Ms. Howard's complaint. *See* Section 3.4(c).

The court further notes that counsel of record for Alpha Home appears to be advancing arguments on behalf of Alpha Waters, not on behalf of the party he represents in this case. Moreover, although the court has not yet recommended a sanction against defense counsel in this case, the court does not foreclose the possibility that counsel's continued facilitation of Alpha Home's defiance of court orders will lead to sanctions against counsel.

Home has no intention to comply in the future with this court's orders and has no intention to defend the claims against it.

## II.   Alpha Home has ignored its discovery obligations.

Alpha Home's deliberate inattention to its litigation obligations did not start with its defiance of the court's settlement conference order.  The court's recent Order on Motion to Compel (Dkt. 32), entered May 25, 2016, describes in detail Alpha Home's failure to comply with its discovery obligations and its stonewalling of Ms. Howard.  The court repeats some of that description here.

Ms. Howard served written discovery requests (interrogatories and document requests) on September 1, 2015.  After Ms. Howard made at least two inquiries about the status of Alpha Home's responses, Alpha Home finally served handwritten answers to the interrogatories and document requests on December 14, 2015.  On February 11, 2016, Ms. Howard advised Alpha Home regarding deficiencies in its responses to three requests, including Alpha Home's failure to provide complete payroll records documenting deductions and documenting refunds Alpha Home earlier contended were made to Ms. Howard.  (*See* Dkt. 30-5).  At a February 29, 2016 status conference with the court, Ms. Howard also inquired about Alpha Home's correction of the deficiencies.  Its lawyer stated Alpha Home was working on it.  In March 2016, Alpha Home's counsel said in an email that he was still working to obtain supplemental discovery responses.  In April 2016, Ms. Howard asked two more times for the supplemental responses, and stated she

needed the responses before the April 29, 2016 settlement conference with the court.  This time, Alpha Home didn't even respond.

The court granted Ms. Howard's motion to compel, ordered Alpha Home to make certain supplemental discovery responses by June 2, 2016, and ordered Alpha Home to show cause by June 2, 2016, why an award of fees to Ms. Howard under Rule 37(a)(5) in the amount of $500 should not be entered against it.

Alpha Home responded to this second show cause order on June 1.  Dkt. 34. Its response is like the one it made in connection with the failure to comply with the settlement conference order.  It repeats the unsubstantiated assertion that "any continuing liability" with respect to the operations of the nursing facility "was terminated as a result of the asset sale and transfer of operations."  *Id.* ¶ 34. It also asks the court not to award $500 in fees under Rule 37(a)(5) on the ground there is "no current defendant capable of satisfying an award of fees."  *Id.* ¶ 15.  That assertion is unsubstantiated and not a good reason under the circumstances of this case to allow Alpha Home to avoid the consequences of its recalcitrant discovery behavior.

Alpha Home's response also indicates it will not produce documents by June 2 as ordered—and perhaps ever.  Its counsel claims "he is unable to locate or produce any documents from Alpha Home" and it would be difficult to even "attempt[] to locate any records in regard to this pending lawsuit let alone any business records" of Alpha Home."  *Id.* ¶ 12, 14.  These statements are, of course,

extremely troubling—particularly since Ms. Howard has been stonewalled about certain of her discovery requests for about eight months.

Alpha Home's past failure to comply with its discovery obligations, its violation of the court's order requiring supplemental discovery by June 2, and its intention to abandon its responsibilities as a litigant (supposedly because of a lack of "continuing liability" and the cessation of its own business operations),[2] deserve severe sanctions.

## III.   Severe sanctions are warranted.

The court's inherent power (and Rule 37) supply it with broad authority to sanction parties who abuse the discovery process or otherwise defy the court's orders.  A court's inherent power permits it to protect the integrity of the judicial system.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991).  Sanctions serve two purposes:  to penalize parties who do not follow the rules and to deter others tempted that abusive conduct has no consequences.  *Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 758-59 (7th Cir. 2005).  The guiding principle is that a sanction must be proportional to the abusive conduct.  *Allen v. Chicago Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003) (sanction under court's inherent power "should be proportioned to the gravity of the offense").  The court should consider "the egregiousness of the conduct in question in relation to all aspects of

---

[2]   Nothing in this order should be interpreted to address whether any entity other than Alpha Home bears any responsibility for the obstreperous litigation conduct described in this order or the recommended sanctions.  There is no issue before the court regarding successor liability, alter ego, or similar doctrines.

the judicial process." *Dotson v. Bravo,* 321 F.3d 663, 667-68 (7th Cir. 2003) (internal quotation omitted).

The court concludes that the following sanctions are deserved as a consequence of Alpha Home's conduct and are proportional to the egregiousness of the offenses committed. The magistrate judge recommends that the court enter the following sanctions against Alpha Home:

1.      Alpha Home must pay a $500 fine to the court, made payable to the Clerk, United States District Court, because of its failure to comply with the requirement in the court's settlement conference order for a client representative having full settlement authority to attend the conference.  The amount of $500 is for the time wasted by the court in preparing for the conference and meeting with the plaintiff, her counsel, and counsel for Alpha Home.  *See Maynard v. Nygren,* 332 F.3d 462, 470 (7th Cir. 2003) (ample authority validates the use of fines, "especially where they are 'remedial' and correspond to some real cost (here, the court's time at $500 per hour"); *Clark Equipment Co. v. Lift Parts Mfg. Co.,* 972 F.2d 817, 819 (7th Cir. 1992) (court may sanction abusive behavior by imposing a fine payable to the court).

2.      Alpha Home must pay the reasonable expenses, including attorneys' fees, incurred by Ms. Howard and her counsel in preparing for and attending the April 29, 2016 settlement conference.  This sanction includes travel, meal, and parking expenses, and attorneys' fees for preparing the confidential settlement statement and travel to/from and attendance at the settlement conference.  The

court will later set a deadline for Ms. Howard to file a petition establishing these expenses and attorneys' fees, and anticipates that the resolution of such a petition will occur in conjunction with proof of damages for entry of a default judgment under Rule 55(b).

      3.      An entry of default under Rule 55(a) against Alpha Home.   After entry of default, Ms. Howard may move for the entry of a default judgment.

The court also recommends that the district judge enter an award in favor of Ms. Howard and against Alpha Home in the amount of $500 under Rule 37(a)(5), representing her reasonable expenses in bringing the motion to compel.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district court confirm an award of $500 under Rule 37(a)(5) and enter sanctions against Alpha Home as provided in this order.

Any objections to this Report and Recommendation must be filed in accordance with 28 § U.S.C. 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

      IT IS SO RECOMMENDED.

Dated:  June 3, 2016

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record by email through the court's ECF system

9